# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE CALLAHAN, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> Defendant. ) <br> _____ ) | NO. EDCV 17-1247-KS <br><br> ORDER GRANTING, IN PART, MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE EAJA |

On August 25, 2018, counsel for Plaintiff filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), with a supporting memorandum and exhibit (collectively, the "Motion"). (Dkt. No. 22.) The Motion requests payment of attorney fees under the EAJA in the amount of $3,220.68 for 16.2 hours of attorney time. (Motion at 4.)

On September 26, 2018, the Commissioner filed an Opposition to the Motion ("Opposition"). (Dkt. No. 24.) In her Opposition, the Commissioner maintains that EAJA fees should be denied because the government's position was substantially justified. (Opposition at 2-3, 4-5.) In the alternative, the Commissioner contends that the award should be reduced, because the number of hours for which Plaintiff's counsel seeks

1

compensation is unreasonable. (*Id.* at 5-8.) On October 7, 2018, counsel for Plaintiff filed a Reply and increased his fee request to $4,174.38 to account for the 4.75 hours he spent preparing the Motion and the Reply. (*See* Reply at 8-9.)

## BACKGROUND

On June 22, 2017, Plaintiff filed an action for judicial review of the denial of his application for Supplemental Security Income in this Court. (Dkt. No. 1.) On May 29, 2018, the Court entered judgment for Plaintiff and remanded the case to the Commissioner for further proceedings. (Dkt. Nos. 20, 21.)

## DISCUSSION

### I. Legal Standard

The EAJA provides that a court may award reasonable attorney's fees and expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[1] Thus, to award attorney's fees under the EAJA, a district court must determine that: (1) "the claimant [was] a 'prevailing party'"; (2) the government has not met its burden of showing that its position was "'substantially justified'"; and (3) "no 'special circumstances make an award unjust.'" *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990).

---

[1] In full, Section 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Once eligibility for a fee award under the EAJA has been established, the district court is tasked with determining whether the requested fee award is reasonable. *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing, *inter alia*, *Jean*, 496 U.S. at 161). To determine whether a fee award under the EAJA is reasonable, the court applies the same principles as those set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a case in which the Supreme Court considered whether attorney's fees awarded under 42 U.S.C. § 1988 should be reduced when plaintiff had only limited success. *Costa*, 690 F.3d at 1135. In *Hensley*, the Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" – to wit, the lodestar method. 461 U.S. at 433. The Supreme Court explained that the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (citation omitted). Further, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*

## II. Plaintiff Is A Prevailing Party, And No Special Circumstances Make An Award Unjust

In this case, the parties do not dispute that Plaintiff is a prevailing party. *See Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (noting that "an applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits"). Further, the Commissioner does not contend, and the Court does not find, any special circumstances to make an award unjust. Therefore, Plaintiff's EAJA eligibility hinges on whether the Commissioner's position was "substantially justified."

//
//
//

### III. The Commissioner Has Failed To Show That Her Position Was Substantially Justified

The Commissioner, in opposing an award of EAJA fees, bears the burden of proving that her position was substantially justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citing *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)). A position is "substantially justified" if it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1998). In other words, a position is "substantially justified" if it has a "reasonable basis both in law and fact." *Id.* "The government's position must be substantially justified at each stage of the proceedings." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). The government's position includes both the government's litigation position and the underlying agency action giving rise to the civil actions. *See, e.g.*, *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010); *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The EAJA provides that "'position of the United States' means, in addition to the position taken by the United States in the civil action, *the action or failure to act by the agency upon which the civil action is based*." 28 U.S.C. § 2412(d)(2)(D) (emphasis added); *see Meier*, 727 F.3d at 872 ("W[e] first consider the underlying agency action . . . . We then consider the government's litigation position.").

The fact that Plaintiff was a "prevailing party" does not inherently resolve the question of whether the Commissioner's position was substantially justified. *See United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002) (noting that "the government's failure to prevail does not raise a presumption that its position was not substantially justified" (citing *Kali*, 854 F.2d at 334)). Indeed, "a position can be [substantially] justified even though it is not correct . . . ." *Pierce*, 487 U.S. at 566 n.2. However, "it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence

in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citation omitted).

In the instant case, the Court reversed and remanded the Commissioner's decision for further administrative proceedings because the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for discounting the opinion of the treating psychiatrist. (*See* Dkt. No. 20.) While Plaintiff also raised issues concerning the weight given to a state agency psychologist's opinion and the credibility evaluation of Plaintiff's subjective symptom testimony, the Court affirmed the ALJ's decision on these issues. (*See id.*)

### A. Commissioner Was Not Substantially Justified In Discounting The Opinion Of The Treating Psychiatrist

The ALJ's decision to discount the opinion of the treating psychiatrist, Dr. Jackson, was not substantially justified. The ALJ was required to supply specific and legitimate reasons supported by substantial evidence for discounting Dr. Jackson's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ discounted Dr. Jackson's opinion because: (1) "[t]he limitations assessed by Dr. Jackson appear to be based quite heavily on the claimant's subjective complaints, and are not supported by the objective evidence;" (2) "[t]he claimant has not undergone psychological counseling or required psychiatric hospitalization;" (3) "[a]lthough mental status examination findings suggest the claimant has some limitations from his severe mental impairments, the record does not support the extreme limitations opined by Dr. Jackson;" and (4) "Dr. Jackson's conclusion that the claimant is unable to work has no probative value." (Administrative Record "AR" 19.)

//
//

The Court determined that the ALJ's reasons were not specific and legitimate reasons supported by substantial evidence. (*See* Dkt. No. 20.) First, the record indicated Dr. Jackson relied on observations from interviews and evaluations, Plaintiff's history and medical file, and progress and office notes. Second, the record showed Plaintiff received prescriptions for several psychiatric medications, which contradicts the suggestion that Plaintiff only received conservative treatment. Third, the ALJ did not explain in sufficient detail how the record failed to support Dr. Jackson's opinion. Finally, the ALJ did not provide a specific or legitimate reason to reject Dr. Jackson's opinion as a treating psychicatrist on Plaintiff's disability other than to say it was not binding.

The Commissioner contends that the ALJ was substantially justified in discounting Dr. Jackson's opinion because her reasons "had a reasonable basis in law and fact." (Opposition at 4.) Specifically, the Commissioner contends that, in addition to the reasons mentioned above, the ALJ discussed the medical opinion evidence of examining and non-examining physicians that contradicted Dr. Jackson's opinion, the records that showed Plaintiff improved with medication, and Plaintiff's daily activities. However, the ALJ only gave little weight to the examining psychiatrist and partial weight to the State agency psychological consultants and failed to provide specific and legitimate reasons why these opinions should be given more weight than Plaintiff's treating psychiatrist. Additionally, the ALJ did not rely on these reasons when outlining why she discounted Dr. Jackson's opinion. (*See* AR 19.) Accordingly, for these reasons and the reasons provided in the Court's memorandum opinion and order reversing and remanding this case, the Commissioner has failed to establish that the ALJ was substantially justified in discounting Dr. Jackson's opinion.

//
//
//
//

## IV. Plaintiff Is Entitled To Recover Reasonable Attorney's Fees

Because the Commissioner's underlying position was not substantially justified, Plaintiff is entitled to recover reasonable attorney's fees. In compliance with 28 U.S.C. § 2412(d)(1)(B), Plaintiff's attorney has provided an itemized statement of fees that he seeks to recover and the hourly rates at which the fees were computed. (*See* Motion, Ex. 1.) The Commissioner challenges the reasonableness of the number of hours for which Plaintiff's counsel seeks to recoup attorney's fees. Specifically, Plaintiff's counsel requests $4,174.38 for a total of 20.9166 hours spent on Plaintiff's case. (*See* Motion, Exhibit 1; Reply at 8.) The Commissioner contends that the number of hours should be reduced "for time that is redundant, unnecessary, administrative or clerical, and otherwise excessive." (*See* Opposition at 5-8.)

This court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In determining reasonableness, the court must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975); *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998). Although the amount of time required to litigate any case can be highly variable, the courts generally approve time expenditures of between 30 and 40 hours in social security disability cases. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (surveying the number of hours that the Ninth Circuit and other federal courts have deemed reasonable for the litigation of a social security case); *see also Terry v. Bowen*, 711 F. Supp. 526, 527 (D. Ariz. 1989) (stating that the average number of hours asserted in a fee petition is 37.3).

//

The Commissioner's first contention is that counsel's itemized statement includes "clerical tasks" which are non-compensable. (Opposition at 6.) Specifically, the Commissioner takes issue with approximately 1.8 hours billed in 2017 and 2.75 hours billed in 2018 totaling $1,099.57[2] in fees. (*See* Opposition at 6-7.) The tasks at issue include:

> May 26, 2017 – 1.25 hours to "prepare Complaint and related documents, including request to proceed IFP with supporting Declaration, new civil file set-up"
>
> July 2, 2017 - 0.25 hours to "review Magistrate's Order re: Procedures in Social Security Appeal, prepare briefing time-line"
>
> July 25, 2017 – 0.1 hours to "review Proof of Service of Complaint and Magistrate's Order for filing"
>
> August 2, 2017 – 0.1 hours to "review Consent to Proceed for filing"
>
> November 14, 2017 – 0.1 hours to "review Defendant's Answer to Complaint, note to file"
>
> January 15, 2018 – 1.5 hours to "review draft of Joint Submission, check cites to record, dictate modifications, review final draft to send to ARC"
>
> February 23, 2018 – 2.25 hours to "review Jt Submission with Defendant's contentions, look up Defendant's cites to record, send e-mail to ARC with consent to file, will not do Reply"

(*See* Motion, Ex. 1; Opposition at 6-7.) Plaintiff's counsel states he does not have assistants or paralegals and argues he did not include time for "preparing a service of process," "filing a Complaint," or "receiving these documents and other records," but rather for preparing documents like the Complaint, reviewing documents to be filed for correctness, and reviewing court orders. (Reply at 5-6.)

---

[2] This amount appears to reflect reductions by the Commissioner where hours were approximated, but the methodology used is unclear to the Court. The Court's calculations are based on the hours listed by Plaintiff in Exhibit 1 of the Motion.

8

Courts should reduce fees requested for clerical work. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). The Court agrees with Plaintiff's counsel that preparing legal documents, reviewing legal documents, and reviewing court orders do not qualify as clerical tasks. However, Plaintiff's counsel's entry on May 26, 2017 includes "new civil file set-up" which appears to be clerical and is therefore non-compensable. Accordingly, the Court deducts 0.2 hours from that entry. *See Nadarajah*, 569 F.3d at 921.

The Commissioner's second contention is that Plaintiff's counsel is experienced in Social Security cases and the issues in this case are "standard" and "commonly litigated," so preparation of the joint stipulation should only have taken 4 hours, not 7.25 hours. (Opposition at 7.) Plaintiff's counsel argues there is no set amount of time an attorney is required to spend on a case or issue. (Reply at 4-5.) Plaintiff's counsel represented Plaintiff at the administrative level. (*See* AR 28.) Plaintiff's counsel raised two issues in the Joint Stipulation and did not complete a reply to Defendant's portion of the Joint Stipulation. (*See* Dkt. No. 19 ("Joint Stip.").)

The Court finds that 7.25 hours is not unreasonable given the length of the Joint Stipulation (31 pages) and the number of issues. *See Dalke v. Colvin*, No. CV 13-4457 GHK (JCG), 2014 WL 4384670, at *1 (C.D. Cal. Sep. 4, 2014) (finding that 25.5 hours on the plaintiff's portion of a joint stipulation in a three issue social security case with a 43 page joint stipulation was unreasonable but 17 hours was not); *Tena v. Astrue*, No. CV 10-7514-JFW (SP), 2012 WL 1958894, at *5 (C.D. Cal. May 25, 2012) (finding that 20.7 hours between two attorneys is a reasonable time for preparing a plaintiff's portion of a joint stipulation in a five issue social security case); *Wilson v. Astrue*, No. CV 10-03217-JEM, 2011 WL 4964813, at *3 (C.D. Cal. Oct. 19, 2011) (finding that 14.5 hours on the plaintiff's *initial* portion of a joint stipulation in a five issue social security case with a 48 page joint stipulation is reasonable even though most of plaintiff's arguments had already been developed in an earlier settlement proposal); *Calderon v. Astrue*, No. CV 07-7312-MLG,

2009 WL 137024, at *2 (C.D. Cal. Jan. 16, 2009) (finding that 71 hours on the plaintiff's portion of a joint stipulation in a five issue social security case with a 70 page joint stipulation was unreasonable but 20 hours was not); *Santos v. Astrue*, No. CV 07-178-PLA, 2008 WL 2571855, at *3 (C.D. Cal. Jun. 26, 2008) (stating that "more than nineteen hours to prepare a settlement proposal and a joint stipulation is an unreasonably high number of hours" in a single issue social security case with a 15 page joint stipulation).

The Commissioner's third contention is that Plaintiff's counsel only secured a remand on one of the issues raised and any fee award should be reduced by time spent on issues that were not remanded because they were "excessive or otherwise unnecessary." (Opposition at 7.) Plaintiff's counsel counters that raising two issues is not "'representation overkill'" and he was successful on behalf of his client because the case was remanded. (Reply at 6-7.)

The Court should consider "the relationship between the amount of the fee awarded and the results obtained" when awarding fees. *Cummings v. Connell*, 402 F.3d 936, 947 (9th Cir. 2005) (citing *Hensley*, 461 U.S. at 437). While only one of the issues raised warranted remand, the case was remanded, which was a successful result for Plaintiff. The Court is unpersuaded that Plaintiff's counsel raising two issues was "excessive or otherwise unnecessary" such that counsel should not receive fees for his representation of Plaintiff on the second issue. Plaintiff's counsel also elected to not spend time writing a reply to Defendant's portion of the Joint Stipulation and yet still secured a remand. This suggests Plaintiff's counsel was not engaging in "excessive or otherwise unnecessary" work that would serve to increase his billable hours. Plaintiff billed 16.17 hours for litigating this case in federal court and added 4.75 hours for preparing the Motion and Reply for EAJA fees for a total of 20.92 hours. As previously mentioned, 30 to 40 hours is not usually considered unreasonable in social security disability cases. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000). Therefore, the Court finds the fees requested are not

unreasonable and are related to the results obtained excepting the reduction of 0.2 hours for a clerical task.

The Commissioner's final contention is that any fee awarded should be awarded to Plaintiff, not Plaintiff's counsel. (Opposition at 8.) Plaintiff's counsel does not dispute this. (Reply at 7.)

For these reasons, the Court finds that Plaintiff's counsel billed 20.72 compensable hours (16.17 hours + 4.75 hours – 0.2 hours = 20.72 hours). These 20.72 compensable hours include 6.13333 hours in 2017 and 14.58333 hours in 2018. The billing rate for these hours changed from 2017 to 2018 such that the rate was $196.79/hour in 2017 and $200.78 in 2018.[3] (*See* Motion at 3-4.) Fees are therefore allowed in the amount of $4,135.02 ($1,206.98 + $2,928.04 = $4,135.02).

## CONCLUSION

For the reasons set forth above, the Motion is GRANTED, in part. Fees are allowed in the amount of $4,135.02. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the fee awarded herein shall be made payable to Plaintiff.

DATE: October 31, 2018

*[signature]*
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The Commissioner does not dispute these hourly rates.